An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DAVID L. TANNER, BAR NO. 2366

No. 61583

**FILED**

JUL 0 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a disciplinary board hearing panel's recommendation that attorney David L. Tanner be suspended from the practice of law for two years.

The complaints giving rise to this matter involved Tanner's misappropriation of a car that was entrusted to him by his clients for the purpose of surrendering it to the creditor as part of a bankruptcy, his subsequent criminal conviction relating to his use of the car, and trust account violations that came to light when he made restitution pursuant to the conviction. Upon being informed of his theft conviction, this court temporarily suspended Tanner from the practice of law and referred the matter to a disciplinary board to determine the extent of discipline to be imposed. *In re Discipline of Tanner*, Docket No. 57696 (Order of Temporary Suspension and Referral to Disciplinary Board, March 31, 2011).

After a hearing, the disciplinary panel found that Tanner violated former SCR 203(1)[1] (misconduct: violate or attempt to violate the

---

[1]Some charges against Tanner related to conduct that occurred before the Nevada Rules of Professional Conduct were adopted in their
*continued on next page...*

14-21778

Rules of Professional Conduct); SCR 203(2) (misconduct: commit a criminal act that reflects aversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); SCR 203(3) (misconduct: engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); SCR 203(4) (misconduct: engage in conduct that is prejudicial to the administration of justice); SCR 154 (communication); SCR 158 (conflict of interest); SCR 165 (safekeeping property); SCR 173(3) (fairness to opposing party and counsel; knowingly disobey an obligation under the rules of a tribunal); SCR 181 (truthfulness in statements to others); RPC 1.15 (safekeeping property); and 8.4 (misconduct). The panel recommended that Tanner be suspended from the practice of law for two years, retroactive to his temporary suspension, and that he be ordered to pay the costs of the disciplinary proceedings.

Having reviewed the record and Tanner's brief, we approve the panel's recommendation that Tanner be suspended from the practice of law for two years, retroactive to his temporary suspension.[2]

---

*...continued*
current form in May 2006, and thus Tanner was charged with violations of the then-applicable SCRs.

[2]We recognize that this renders Tanner eligible to immediately apply for reinstatement. We note that, in order to protect the public and the integrity of the bar, *see In re Discipline of Schaefer*, 117 Nev. 496, 518-19, 25 P.3d 191, 206 (2001), this court will not consider reinstating Tanner unless it is clearly demonstrated that he understands his ethical duties regarding clients' property, including trust account management, and that for at least one year following any reinstatement: (1) a mentor, chosen by the bar, is required to monitor Tanner's practice and report to the bar on a quarterly basis; (2) a co-signatory, approved by the bar, is required on Tanner's trust account; and (3) quarterly audits of his trust account are required.

Accordingly, we hereby suspend David L. Tanner from the practice of law for two years, retroactive to the date of his temporary suspension. In addition, Tanner must pay the costs of the disciplinary proceedings.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                           Hardesty

_____, J.        _____, J.
Parraguirre                         Douglas

_____, J.        _____, J.
Cherry                              Saitta

cc:     Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
        David Clark, Bar Counsel
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        William B. Terry, Chartered
        Perry Thompson, Admissions Office, United States Supreme Court